UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ENGEL, Derivatively on Behalf of Nominal Defendant AXSOME THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HERRIOT TABUTEAU, NICK PIZZIE, MARK JACOBSON, CEDRIC O'GORMAN, KEVIN LALIBERTE, ROGER JEFFS, MARK COLEMAN, and MARK SAAD, <br><br> Defendants, <br><br> and <br><br> AXSOME THERAPEUTICS, INC., <br><br> Nominal Defendant. | Case No. 1:22-cv-6183-LGS |

## STIPULATION AND [PROPOSED] ORDER FOR STAY OF PROCEEDINGS

WHEREAS, on July 21, 2022, Plaintiff Daniel Engel ("Plaintiff") filed a complaint in the above-captioned action (Dkt. No. 1, the "Complaint"), asserting breaches of fiduciary duties and contribution for violations of Sections 10(b) and 21D of the Securities Exchange Act of 1934 against Defendants Herriot Tabuteau, Nick Pizzie, Mark Jacobson, Cedric O'Gorman, Kevin Laliberte, Roger Jeffs, Mark Coleman, and Mark Saad (collectively, the "Individual Defendants") derivatively on behalf of Nominal Defendant Axsome Therapeutics, Inc. ("Axsome," and together with the Individual Defendants, "Defendants");

WHEREAS, the Complaint asserts claims based upon allegations substantially similar to allegations made in a putative securities class action pending in this District, captioned *Gru v. Axsome Therapeutics, Inc., et al.*, Case No. 1:22-cv-03925 (the "Securities Class Action");

1

WHEREAS, following the filing of an amended or consolidated complaint in the Securities Class Action, defendants in the Securities Class Action (also represented by the undersigned) anticipate filing pre-motion-to-dismiss letters pursuant to the Court's Individual Rules and Procedures and, if permitted, motions to dismiss the then-operative complaint in the Securities Class Action;

WHEREAS, the Parties agree that the interests of avoiding inconsistent rulings, judicial economy, and conserving Court and party resources warrant a stay of this action pending a final decision, including exhaustion of appeals, on the anticipated motions to dismiss the operative complaint in the Securities Class Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the parties, by and through their undersigned counsel, and subject to the Court's approval that:

1. Undersigned counsel for Defendants hereby accepts service of the Complaint on behalf of all Defendants without waiving any rights or defenses, except as to sufficiency of service;

2. All proceedings and deadlines in this action shall be stayed until a final decision, including exhaustion of appeals, is rendered on the anticipated motions to dismiss the operative complaint in the Securities Class Action;

3. Within thirty (30) days of (a) the final decision on the anticipated motions to dismiss in the Securities Class Action, or (b) the date this Court lifts the stay pursuant to the procedure set forth in paragraph 4 hereof, the parties will confer and submit a proposed schedule for further proceedings for this Court's approval;

4. The parties agree that, at any time during which this action is stayed pursuant to this Stipulation and Order, any Party may file a motion with the Court to lift the stay no sooner than fifteen (15) days after the moving party has provided all other parties written notice of its

intent to file such a motion. Written notice shall be satisfied via email to the undersigned counsel for all other parties;

5. Notwithstanding this stay, Plaintiff may file an amended complaint once without leave of Court; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay;

6. Defendants shall promptly notify Plaintiff in the event any other factually related stockholder derivative proceedings are initiated, including but not limited to the filing of a summons and complaint on behalf of Axsome, or if a stockholder makes a demand for inspection of documents, in either case, based on the same or similar set of factual allegations as alleged in this Action. In the event that any documents are produced in response to any such stockholder proceeding or demand, Axsome shall produce the same documents to Plaintiff within ten (10) business days of such production, provided Plaintiff has entered into a confidentiality agreement, which will be the same as the confidentiality agreement executed by any stockholder making a demand pursuant to 8 Del. C. § 220, such that Plaintiff may use such discovery only for the purpose of litigation or settlement of the Action; provided, however, that any complaint filed by Plaintiff arising out of, relating to, involving, or in connection with the documents from a books and records demand shall be deemed to incorporate by reference the entirety of the books and records of which inspection is permitted. This provision is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery;

7. In the event a factually related stockholder derivative proceeding is filed and not stayed by agreement of the parties or order of court within 60 days of filing, Plaintiff may terminate the stay of the Action by giving notice to the undersigned counsel for Defendants via email. Within

30 days of such notice of termination, the parties shall submit a proposed schedule for further proceedings.

8. This stay shall not apply to any motions, stipulations, or any other related filings pertaining to consolidation of related shareholder derivative actions and/or appointment of lead plaintiff(s) and lead and liaison counsel(s);

9. If, during the pendency of the stay, a mediation or formal settlement conference is held in effort to settle the Securities Class Action or any factually related derivative action, Defendants shall provide Plaintiff with reasonable advance notice of such mediation or formal settlement conference and will not object to Plaintiff's attendance at same. In the event a party other than Defendants objects to Plaintiff's participation in the mediation, Defendants will mediate separately with Plaintiff at or about the same time; and

10. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that a party may have with respect to the claims set forth in the Complaint.

Dated: August 23, 2022

Respectfully submitted,

*/s/ Benjamin I. Sachs-Michaels*
**GLANCY PRONGAY & MURRAY LLP**
Benjamin I. Sachs-Michaels
745 Fifth Avenue, 5th Floor
New York, New York 10151
Telephone: (212) 935-7400
E-mail: bsachsmichaels@glancylaw.com

So Ordered.

Dated: August 24, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
E-mail: rprongay@glancylaw.com
prajesh@glancylaw.com

4

*Counsel for Plaintiff*

*/s/ Emily E. Renshaw*
**MORGAN, LEWIS & BOCKIUS LLP**
Emily E. Renshaw
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
E-mail: emily.renshaw@morganlewis.com

Michael L. Kichline
   (*pro hac vice* application forthcoming)
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
E-mail: michael.kichline@morganlewis.com

Matthew C. McDonough
   (*pro hac vice* application forthcoming)
Michael A. Hacker
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
E-mail: matthew.mcdonough@morganlewis.com
       michael.hacker@morganlewis.com

*Counsel for Defendants*