

Benjamin I. Sachs-Michaels
bsachsmichaels@glancylaw.com
745 5th Ave, 5th Floor
New York, New York 10151
T: (212)-935-7400

November 25, 2025

VIA ECF

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    *In re Axsome Therapeutics, Inc. S'holder Deriv. Litig.*, C.A No. 1:22-cv-6183

Dear Judge Schofield:

Pursuant to Rule 1.D.3 of Your Honor's Individual Practices, we write on behalf of Plaintiffs to respectfully request leave to publicly file a redacted version of Plaintiffs' Amended Verified Shareholder Derivative Complaint (the "Amended Complaint") *See* Exhibit A.

Paragraphs ¶¶ 7, 57-61, 140-48, and 166 of the Amended Complaint contain allegations based on internal documents produced to Plaintiffs by nominal defendant Axsome Therapeutics, Inc. subject to a Confidentiality and Non-Disclosure Agreement (the "Confidentiality Agreement) between the parties.  *See* Exhibit B.  Paragraph 8 of the Confidentiality Agreement requires Plaintiffs to redact the portions of the Amended Complaint that allege facts derived from the information subject to the Confidentiality Agreement.  *Id*.

Filing under seal is appropriate when needed "to preserve higher values and [] narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Here, the redaction of only a small portion of the allegations is narrowly tailored to comply with the Confidentiality Agreement while allowing public access to the majority of the Amended Complaint and to understand the allegations generally. The presumption of public access is relatively low where, as here, "the public [would] be able to read and understand each document even with the redacted information."  *Citgo Petroleum v. Starstone*, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023).

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file under a redacted version of the Amended Complaint.

        Respectfully submitted,

        */s/ Benjamin I. Sachs-Michaels*
        **Glancy Prongay & Murray LLP**

Honorable Lorna G. Schofield
November 25, 2025
Page 2

/s/ Thomas J. McKenna
**Gainey McKenna & Egleston**

*Counsel for Plaintiffs*

cc:     All counsel (via ECF)

Application **DENIED** without prejudice to renewal.  Confidentiality agreements between the parties are generally insufficient to support sealing.  *See Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, No. 19 Civ. 1089, 2019 WL 4688705, at *3 (S.D.N.Y. Sept. 25, 2019) ("[T]he mere existence of a confidentiality agreement . . . is insufficient to overcome the First Amendment presumption of access." (citation omitted)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).  By **December 8, 2025**, Plaintiffs may file a supplemental letter explaining any basis for sealing beyond the parties' agreement.  If Defendants have a confidentiality interest in the material sought to be sealed, Defendants may also file a letter supporting sealing by **December 8, 2025**.

Dated: December 1, 2025
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE