UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                              :
        IN RE AXSOME THERAPEUTICS, INC.  :        22 Civ. 6183 (LGS)
        STOCKHOLDER DERIVATIVE            :
        LITIGATION                        :        ORDER
                                          :
-----------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Plaintiffs have filed a motion to seal portions of the Amended Complaint in

this stockholder derivative action.  Defendants filed a letter in support of Plaintiffs' motion to

seal.  For the reasons stated below, Plaintiffs' motion is granted with modifications.

        WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v.*

*Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a

judicial document subject to the [presumed] right of public access," meaning that the document is

"relevant to the performance of the judicial function and useful in the judicial process." [1]

*Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to determine the

weight of the presumption by assessing "the role of the material at issue in the exercise of Article

III judicial power and the resultant value of such information to those monitoring the federal

courts."  *Id.*  The third step is to balance against the presumption any "competing considerations"

such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests

of those resisting disclosure."  *Id.* at 120.  In weighing the presumption against competing

considerations, a court must consider the "qualified First Amendment right of access" and can

seal documents based on this right only "if specific, on the record findings are made

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of higher values include the confidentiality of sensitive commercial information. *Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025); *see Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting sealing of "specific business information and strategies," which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

WHEREAS, the Amended Complaint is a judicial document subject to a strong presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.").

WHEREAS, Plaintiff seeks to redact portions of the Amended Complaint that incorporate information produced by nominal Defendant Axsome Therapeutics, Inc. ("Axsome") in response to stockholder books and records demands served pursuant to 8 Del. Code § 220. Axsome argues that sealing is justified because the Amended Complaint includes quotations from and references to non-public discussion at meetings of Axsome's Board of Directors, including commercially sensitive discussion of Axsome's corporate strategy. A review of the proposed redactions

confirms that they are consistent with Axsome's representations.  Axsome "consents to the removal of all redactions from paragraphs 61, 141-143, 145, and 147, and footnotes 3-5."

WHEREAS, sealing of portions of the Amended Complaint is justified to preserve the confidentiality of Axsome's commercially sensitive information produced in response to stockholder books and records demands, disclosure of which could harm Axsome's financial and competitive standing.  *See Stegmann on Behalf of Covetrus, Inc. v. Wolin*, No. 21 Civ. 1717, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (allowing redaction of portions of complaint derived from stockholder books and records production and collecting cases doing the same). Defendants' proposed redactions to the Amended Complaint are "narrowly tailored to serve that [confidentiality] interest." *Lugosch*, 435 F.3d at 120.

It is hereby **ORDERED** that Plaintiff's motion to seal is **GRANTED**.  By **December 16, 2025**, Plaintiffs shall refile the Amended Complaint including only the redactions proposed to paragraphs 7, 57-60, 140, 144, 146, 148 and 166, but not the redactions proposed to 61, 141-143, 145 and 147 and footnotes 3-5.

Dated: December 9, 2025
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE