UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

                              :

IN RE AXSOME THERAPEUTICS,    :       22 Civ. 6183 (LGS)
INC. STOCKHOLDER DERIVATIVE  :       23 Civ. 737 (LGS)
LITIGATION                            :

                              :         **ORDER**

------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants filed a motion to seal the memorandum of law in support of the

Motion to Dismiss the Amended Complaint (the "Complaint"). Plaintiffs filed a motion to seal

the memorandum of law in opposition to Defendants' Motion to Dismiss. The parties' sealing

motions rely on previously approved redaction of certain matters in the Complaint, necessitating

reconsideration of the interests that warranted initial sealing. For the reasons below, Defendants'

and Plaintiffs' motions to seal are granted.

**Background**

WHEREAS, on December 9, 2025, Plaintiffs' renewed motion to redact portions of the

Complaint was granted. These redactions were permitted to preserve the confidentiality of

information that nominal Defendant Axsome Therapeutics, Inc. ("Axsome") produced in

response to stockholder books and records demands, disclosure of which could harm Axsome's

financial and competitive standing.

WHEREAS, each party now moves to redact portions of the memoranda of law

submitted in support of or in opposition to with Defendants' motion to dismiss. The parties

argue that their proposed redactions should be maintained because this same information was

previously granted confidential treatment in the Complaint.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document, either in part or in its entirety. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first step is to determine whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."[1] *Lugosch*, 435 F.3d at 119. The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. The third step is to balance against the presumption any "competing considerations" such as "the privacy interests of those resisting disclosure." *Id*. at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and may seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*.

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 125, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted and all alterations are adopted.

2

sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

WHEREAS, "vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713, 2022 WL 17718338, at *1 (S.D.N.Y. Dec. 13, 2022).

**Discussion**

WHEREAS, both Defendants' and Plaintiffs' motions to seal are granted because, although the memoranda are judicial documents entitled to a presumption of public access, the proposed redactions contain information properly redacted in the Complaint, and sealing remains necessary to preserve Axsome's confidentiality interest.

WHEREAS, the memoranda filed in support of or in opposition to with Defendants' Motion to Dismiss are judicial documents. *See Giuffre v. Maxwell*, 146 F.4th 165, 177 (2d Cir. 2025) (per curiam) (explaining that "dispositive motions as well as pleadings" are judicial documents to which the presumption of public access applies); *Julian v. Metro. Life Ins. Co.*, No. 17 Civ. 957, 2020 WL 5913739, at *3 (S.D.N.Y. Oct. 6, 2020) (holding that "court filings in connection with a motion to dismiss are . . . judicial documents, and are generally entitled to a strong presumption of public access" and collecting cases).

WHEREAS, the presumption of public access to each of these documents is strong. "The locus of the inquiry is, in essence, whether the document is presented to the court to invoke its powers or affect its decisions." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). "[P]leadings and dispositive motions that qualify as judicial documents bear a particularly strong presumption of public access." *Giuffre*, 146 F.4th at 177.

3

WHEREAS, competing considerations justify sealing here.  The proposed redactions in Defendants' and Plaintiffs' memoranda of law quote from and discuss the same confidential information that was redacted in the Complaint and produced by Axsome in response to stockholder books and records demands.  Redaction of the Complaint was granted to preserve the confidentiality of commercially sensitive information regarding Axsome, including the company's corporate strategy.  *See Stegmann ex rel. Covetrus, Inc. v. Wolin*, No. 21 Civ. 1717, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (allowing redaction of portions of complaint derived from stockholder books and records production and collecting cases doing the same). Axsome continues to represent that disclosure of that information would lead to financial and competitive harms.  The proposed redactions are narrowly tailored to achieve that end.

It is hereby **ORDERED** that Defendants' and Plaintiffs' motions to seal are **GRANTED**. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 43 and 54 (22 Civ. 6183) and Dkt. 11 (No. 23 Civ. 737).

Dated: May 8, 2026
      New York, New York

                **LORNA G. SCHOFIELD**
           **UNITED STATES DISTRICT JUDGE**