UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. STOCKHOLDER DERIVATIVE LITIGATION | 22 Civ. 6183 (LGS)<br>23 Civ. 737 (LGS)<br><br>**OPINION & ORDER** |

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Daniel Engel and Kyle Guterba, stockholders of Axsome Therapeutics, Inc. ("Axsome"), bring this derivative action for the benefit of Nominal Defendant Axsome against Defendants Herriot Tabuteau, Nick Pizzie, Cedric O'Gorman, Kevin Laliberte, Roger Jeffs, Mark Coleman and Mark Saad, who are current and former directors, officers and executives of Axsome (the "Individual Defendants" and, together with Axsome, "Defendants"). The operative Verified Amended Stockholder Derivative Complaint ("Complaint") asserts claims against the Individual Defendants for breach of fiduciary duty under state law (Count I) and against Defendants Tabuteau, Pizzie, O'Gorman and Laliberte (the "Contribution Defendants") for contribution under Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4 (Count II). Defendants move to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. For the reasons below, the Section 21D claim is dismissed for failure to state a claim. The Court declines to exercise supplemental jurisdiction over the state law fiduciary duty claim.

## I. BACKGROUND

The following facts are taken from the Complaint and matters of which a court may take judicial notice. *See Dixon v. von Blanckensee*, 994 F.3d 95, 101-02 (2d Cir. 2021). Axsome is a biopharmaceutical company that develops novel therapies for central nervous system ("CNS") disorders with limited existing treatments. Axsome's programs include AXS-07, which is a

therapy for the acute treatment of migraine and which Axsome classified as part of its "core CNS portfolio."

From 2019 through April 2022, Axsome made public statements, including in SEC filings, regarding the process of the company's seeking FDA approval for AXS-07. Axsome did not disclose negative feedback received from the FDA affecting the prospects of approval for AXS-07 during that period. Before the market opened on April 25, 2022, Axsome announced that the FDA had identified issues during its review of the AXS-07 New Drug Application. That day, Axsome's stock price dropped $8.60 per share, or 21.99%, to close at $30.50.

Axsome shareholders then filed a class action asserting claims for securities fraud against Axsome and Individual Defendants, including the Contribution Defendants. *See In re Axsome Therapuetics, Inc. Sec. Litig.*, No. 22 Civ. 3925 (S.D.N.Y.) ("Securities Class Action"). The Securities Class Action was resolved by settlement. *See id.,* 2026 WL 538412, at *1, *7 (S.D.N.Y. Feb. 26, 2026). The Court may take judicial notice of the final judgment entered in the Securities Class Action and the settlement, which the final judgment incorporated by reference. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (holding district court did not abuse discretion in taking judicial notice of filings in other lawsuits for matters other than the truth of the matter asserted).

In the settlement agreement, class members released claims against Axsome and the Contribution Defendants. *See* Securities Class Action, 2026 WL 538412, at *3 (incorporating by reference settlement agreement releases). In the settlement agreement, the defendants did not admit or concede liability. *Id.* at *3-4; *id.*, Dkt. No. 117-1, at ¶ 48 (Sep. 19, 2026) (no admission of liability).

## II. LEGAL STANDARD

Dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate" a dispute.[1] *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1075 (2d Cir. 2021). "[A] Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial, i.e., based solely on the allegations of the complaint and exhibits attached to it, or fact-based, i.e., based on evidence beyond the pleadings." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022). For a facial challenge, a court may also consider matters of which judicial notice may be taken. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); *Kelsey v. Kessel*, No. 24-1105, 2025 WL 1324213, at *2 n.3 (2d Cir. May 7, 2025) (summary order).

On a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider conclusory allegations or legal conclusions couched as factual allegations. *See Dixon*, 994 F.3d at 101; *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Dismissal under Rule 12(b)(6) is . . . appropriate only if it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2792 (2025).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

## III. DISCUSSION

### A. Section 21D Claim (Count II)

Defendants' motion to dismiss the Section 21D contribution claim is granted because the Complaint fails to state a claim on which relief can be granted. Contrary to Defendants' argument, the Court has subject matter jurisdiction to decide the merits of the claim.

#### 1. Subject Matter Jurisdiction

Defendants contend that the Court lacks subject matter jurisdiction over the Section 21D claim because the claim was unripe when pleaded and is now moot. Construed as either a facial or fact-based challenge, Defendants' arguments are unavailing. The Court has subject matter jurisdiction over the Section 21D claim.

##### a. Ripeness

"Ripeness is a constitutional prerequisite to the exercise of jurisdiction by federal courts." *United States v. Salvador*, 180 F.4th 470, 476 (2d Cir. 2026). "A case is not constitutionally ripe where it is dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all." *In re Goebel*, 184 F.4th 59, 67 n.4 (2d Cir. 2026).

Here, the Complaint asserts that Axsome "is entitled to contribution and indemnification from [the Contribution Defendants] in connection with all claims that have been, are, or may be asserted against the Company by virtue of their wrongdoing." The Complaint specifically references the Securities Class Action and does not allege that any other claim has been asserted against Axsome under Section 10(b) of the Exchange Act for the conduct alleged in the Complaint. Section 21D creates a right of contribution against "[a]ny [defendant] against whom a final judgment is entered in a private action . . . only if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws." 15 U.S.C.

§ 78u-4(f)(2)(A).

Judicial notice may be taken that final judgment has been entered in the Securities Class Action. *See Staehr*, 547 F.3d at 425. Plaintiffs' claim for contribution is ripe for adjudication because final judgment has been entered in the Securities Class Action. The claim is not "dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all." *See In re Goebel*, 184 F.4th at 67 n.4.

In arguing to the contrary, Defendants cite cases in which courts have determined Section 21D contribution claims to be unripe before entry of final judgment in a related securities action.[2] These cases are unpersuasive because final judgment has been entered in the Securities Class Action. The Section 21D claim is ripe.

**b. Mootness**

Defendants also argue that the Section 21D claim is moot because, since the filing of the Complaint, the Securities Class Action settled. Specifically, Defendants assert that the Complaint does not (and cannot) state a claim for contribution because the "trier of fact" in the Securities Class Action did not "specifically determine[] that [any Contribution Defendant] knowingly committed a violation of the securities laws," as is required to prevail on a contribution claim under the statute. *See* 15 U.S.C. § 78u-4(f)(2)(A).

[2] *See Pall v. KPMG, LLP*, No. 03 Civ. 842, 2006 WL 2800064, at *3 (D. Conn. Sep. 29, 2006) (finding claim unripe when "there has been no determination of liability and damages in the related actions" and "the right to contribution remains contingent upon the parties in the related actions *not* settling") (emphasis in original); *DiBattista v. Greco*, No. 20 Civ. 590, 2021 WL 327399, at *7 (D. Del. Jan. 31, 2021) (finding claim unripe when related securities action was "pending"), *report and recommendation adopted*, 2021 WL 5061720 (D. Del. Feb. 17, 2021); *Pinto v. Arlo Techs., Inc.*, No. 19 Civ. 3354, 2022 WL 3155411, at *3-4 (N.D. Cal. Aug. 8, 2022) (finding claim unripe when related state action was "still active and thereby has not reached a final judgment (and indeed may very well settle)").

This argument goes to the merits, not to the Court's subject matter jurisdiction. "Whether the plaintiff has stated a claim or is entitled to relief" is a question of the "merits . . . rather than the jurisdiction of the court." *See Baroni v. Port Auth. of N.Y. & N.J.*, 161 F.4th 48, 59 (2d Cir. 2025). The contribution claim is not moot. In any event, to the extent Defendants' argument goes to the Court's subject matter jurisdiction, "[i]n cases such as this one where a plaintiff fails to plausibly allege an element that is both a merit element of a claim and a jurisdictional element, the district court may dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6). Or both." *See Brownback v. King*, 592 U.S. 209, 218 n.8 (2021); *accord J.L. v. N.Y.C. Dep't of Educ.*, No. 24 Civ. 1926, 2024 WL 4882482, at *4 n.2 (S.D.N.Y. Nov. 25, 2024).

**2. Merits**

The Complaint's claim for contribution fails on the merits. The Complaint does not allege that the "trier of fact" in the Securities Class Action "specifically determine[d] that [the Contribution Defendants] knowingly committed a violation of the securities laws," as is required to state a contribution claim. *See* 15 U.S.C. § 78u-4(f)(2)(A). The Complaint's failure to allege this statutory element is fatal to the claim.

The Section 21D claim is dismissed with prejudice and without leave to amend because "amendment would be futile." *See Northwell Health, Inc. v. Grp. Hospitalization & Med. Servs., Inc.*, 183 F.4th 78, 103 (2d Cir. 2026). The settlement and final judgment entered in the Securities Class Action, of which judicial notice may be taken, bar any claim for contribution against the Contribution Defendants. In the settlement agreement, incorporated by reference into the final judgment, class members released claims against defendants including the Contribution Defendants, and the defendants in that action explicitly did not admit or concede liability. *See* Securities Class Action, Dkt. No. 117-1, at ¶ 48 (no admission of liability); *id.*, 2026 WL

538412, at *3 (incorporating settlement agreement releases by reference).

Under such circumstances, the contribution claim is doubly barred. First, no "trier of fact" has "specifically determine[d] that [any Contribution Defendant] knowingly committed a violation of the securities laws," which is fatal to the contribution claim. *See* 15 U.S.C. § 78u-4(f)(2)(A). Second, the Contribution Defendants are "discharged from all claims for contribution" because those Defendants "settle[d] [the] private action . . . before final verdict or judgment." *See id.* § 78u-4(f)(7)(A).

Consistent with that statutory language, at least one other court has dismissed a contribution claim when, as here, a related securities action settled without an admission of fault by the settling defendants. *Lyon ex rel. AMC Ent. Holdings, Inc. v. Aron*, No. 21 Civ. 7940, 2023 WL 2586818, at *7 (S.D.N.Y. Mar. 21, 2023). Plaintiffs attempt to distinguish *Lyon* because there, the court noted that "the Settlement Agreement makes clear that [the company's] insurers," as opposed to the individual defendants, "are funding the settlement in its entirety," which Plaintiffs contend is not the case here. *See id.* at *7. However, this argument does not address the absence of any specific determination that any Contribution Defendant "knowingly committed a violation of the securities laws," or the statutory discharge of contribution claims, either of which precludes the Section 21D contribution claim. *See* 15 U.S.C. § 78u-4(f)(2)(A), (7)(A).

*Musick, Peeler & Garrett v. Employers Insurance of Wausau*, 508 U.S. 286, 298 (1993), which Plaintiffs cite, is not to the contrary. In that case, decided before the 1995 enactment of Section 21D,[3] the Supreme Court held that the Exchange Act implied a right of contribution

---

[3] *See* Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) (codified as amended in scattered sections of 15 U.S.C.).

"against other parties who have joint responsibility for the violation" for a securities class action that had settled. *Id.* at 298; *see id.* at 288 (noting that the named defendants in the related securities fraud action had settled). The Complaint does not assert a claim for contribution under the implied right of action recognized in *Musick*; instead, the Complaint asserts that "Defendants Tabuteau, Pizzie, O'Gorman, and Laliberte are liable under [Section] 21D of the Exchange Act, which governs the application of any private right of action for contribution asserted pursuant to the Exchange Act." The Section 21D claim for contribution is dismissed for failure to state a claim, without leave to amend.

**B. Fiduciary Duty Claim (Count I)**

In addition to the federal claim brought under Section 21D, the Complaint asserts a claim for breach of fiduciary duty under state law. The Court declines to exercise supplemental jurisdiction over this claim.

"The district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "If one of the § 1367(c) categories applies, the district court may then undertake the discretionary inquiry of whether to exercise supplemental jurisdiction." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018). "[A] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [*United Mine Workers of America v.*] *Gibbs*: economy, convenience, fairness, and comity." *Id.* (citing 383 U.S. 715, 726 (1966)). "When § 1367(c)(3) applies, the district court must still meaningfully balance the supplemental jurisdiction factors." *Id.* at 86. "[A]s a general proposition, if all federal claims are dismissed before trial, the state

claims should be dismissed as well." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004); *accord Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 481 (2d Cir. 2021).

The Court declines to exercise supplemental jurisdiction because "economy, convenience, fairness, and comity" between state and federal courts all weigh against the Court's exercising supplemental jurisdiction. *See Catzin*, 899 F.3d at 85. This case is still at the pleading stage. Discovery was stayed pending the motion to dismiss. Axsome's Certificate of Incorporation states that "the Court of Chancery of the State of Delaware shall be the sole and exclusive forum for (a) any derivative action or proceeding brought on behalf of the Corporation." Although Plaintiffs argue that this forum selection clause is invalid because the Delaware Court of Chancery cannot hear the Complaint's Exchange Act claim, this argument is unpersuasive for two reasons: First, the Exchange Act claim is dismissed on the merits and second, Plaintiffs do not explain why a state court could not address this argument.

## IV. CONCLUSION

Defendants' motion to dismiss is **GRANTED**. The Section 21D claim for contribution is dismissed for failure to state a claim. The claim is dismissed with prejudice and without leave to amend because the settlement of the Securities Class Action precludes the claim. The Court declines to exercise supplemental jurisdiction over the claim for breach of fiduciary duty.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and to close the case.

Dated: October 13, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE